IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MICHAEL STROUD, JR.,

v.

UNITED STATES OF AMERICA.

CRIMINAL FILE NO.
4:17-CR-010-01-HLM-WEJ

CIVIL FILE NO.
4:18-CV-0063-HLM-WEJ

ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [16], on Petitioner's Motion for Leave to Relate Back to the Original Motion [28],[1] and on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [31].

---

[1] The Court grants this Motion insofar as Petitioner seeks to amend his § 2255 Motion.

## I. Standard of Review

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at

2

784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Discussion

On July 10, 2018, Judge Johnson issued his Final Report and Recommendation. (Final Report & Recommendation (Docket Entry No. 31).)[2] Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion as untimely. (Id.)

As of the date of this Order, the Clerk's docket indicates that Petitioner has not filed Objections to the Final Report

---

[2] Judge Johnson issued his Final Report and Recommendation before Petitioner submitted his reply in support of his § 2255 Motion. The Court has reviewed Petitioner's reply, and concludes that nothing in the reply warrants rejecting the Final Report and Recommendation. (See generally Reply Supp. § 2255 Mot. (Docket Entry No. 33).)

3

and Recommendation. The time period for filing Objections has expired, and the Court finds that the matter is ripe for resolution.

The Court finds that Judge Johnson accurately set forth the procedural history of this case, and incorporates that portion of the Final Report and Recommendation into this Order as if set forth fully herein. (Final Report & Recommendation at 1-6.) Judge Johnson also correctly set forth the law governing § 2255 Motions and evidentiary hearings, and the Court agrees with Judge Johnson that an evidentiary hearing is not required in this case. (Id. at 6.)

Judge Johnson accurately set forth the law governing ineffective assistance of counsel claims, including ineffective assistance of counsel claims in the context of guilty pleas. (Final Report & Recommendation at 7-8.) Judge Johnson correctly rejected Petitioner's argument that his prior

4

aggravated assault convictions did not qualify as "crimes of violence" under the United States Sentencing Guidelines. (Id. at 8-9.) As such, Petitioner's counsel did not provide ineffective assistance by failing to raise a meritless objection that Petitioner's previous convictions did not constitute crimes of violence. (Id. at 9.)

Likewise, Judge Johnson properly rejected Petitioner's contention that his counsel erroneously determined that the Armed Career Criminals Act (the "ACCA") would apply to Petitioner in Criminal Action 4:16-CR-024-HLM-WEJ. (Final Report & Recommendation at 9.) Because Petitioner's three prior convictions were qualifying convictions under the ACCA, his counsel's conclusions that Petitioner faced a much higher sentence in Criminal Action 4:16-CR-024-HLM-WEJ and that a ten-year sentence in this case was an attractive offer were not unreasonable. (Id.) Petitioner

5

therefore cannot establish an ineffective assistance of counsel claim based on this argument.

Petitioner's argument that his four-level enhancement under United States Sentencing Guideline § 2K2.1(b)(6)(B) was improper also fails. (Final Report & Recommendation at 10.) Petitioner cannot show that his counsel acted unreasonably or provided ineffective assistance with respect to this argument.

Moreover, Judge Johnson correctly found that Petitioner "cannot show prejudice based solely on his after the fact assertion that he would have proceeded to trial and not pleaded guilty had counsel raised these meritless objections." (Final Report & Recommendation at 10.) As Judge Johnson noted, "[t]he plea bargain in this case allowed [Petitioner] to receive a sentence five years shorter than the mandatory minimum he was likely facing in case

number 4:16-CR-024-HLM-WEJ." (Id. at 11.) Under those circumstances, Judge Johnson correctly concluded that Petitioner "has not shown a reasonable probability that he would not have pleaded guilty and insisted on going to trial absent counsel's alleged omissions." (Id.)

In sum, Judge Johnson properly concluded that Petitioner is not entitled to relief under § 2255. The Court therefore adopts the Final Report and Recommendation, and denies Petitioner's § 2255 Motion, as amended. For the reasons discussed in the Final Report and Recommendation, the Court declines to issue a certificate of appealability. (Final Report & Recommendation at 11-12.)

### III. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [31], **GRANTS** Petitioner's Motion for

Leave to Relate Back to the Original Motion [28] to the extent that Petitioner seeks to amend his § 2255 Motion, and **DENIES** Petitioner's § 2255 Motion [16]. The Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with that Motion: Civil Action File No. 4:18-CV-0063-HLM-WEJ. Finally, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED, this the 3 day of August, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE