IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MICHAEL STROUD, JR.,<br>      Movant pro se, | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | CRIMINAL NO.<br>4:17-CR-0010-HLM-WEJ-1 |
| UNITED STATES OF AMERICA ,<br>      Respondent. | CIVIL ACTION NO.<br>4:19-CV-0043-HLM-WEJ |

## **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant pro se Michael Stroud, Jr.'s second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [44] ("Second Motion to Vacate"). For the reasons stated below, the undersigned **RECOMMENDS** that the Second Motion to Vacate [44] be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)")[1] because it is impermissibly successive.

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

I.     **PROCEDURAL HISTORY**

The government filed a criminal information [1] against Mr. Stroud, charging him with possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).  Represented by Stephanie Kearns of the Federal Public Defender Program, Inc., Mr. Stroud waived indictment and pled guilty pursuant to a negotiated plea agreement, in which the parties agreed to jointly recommend the statutory maximum sentence of 120 months of incarceration, and the government agreed to dismiss the indictment pending against Mr. Stroud in case number 4:16-CR-024-HLM-WEJ.  (Guilty Plea and Plea Agreement [4] at 4, 6; Plea Tr. [19] 2-4, 16-19.)  On June 30, 2017, the Court entered Judgment [10], sentencing Mr. Stroud to the agreed upon 120 months of imprisonment.  Mr. Stroud did not file a direct appeal.

On March 5, 2018, Mr. Stroud submitted an initial Motion to Vacate, which, as amended, alleged that Ms. Kearns provided him ineffective assistance by failing to object to the characterization of his prior Georgia aggravated assault convictions as "crimes of violence" and that counsel's failure caused him to plead guilty, rather than proceed to trial.  (Mot. Vacate [16] 4, 15-30; Am. Mot. [28].)  On August 3, 2018, the Court adopted the Final Report and Recommendation [31], denied Mr. Stroud's initial Motion to Vacate on the merits, and declined to issue a certificate

of appealability. (Order of Aug. 3, 2018 [34].) The United States Court of Appeals for the Eleventh Circuit also denied Mr. Stroud a certificate of appealability, as well as his subsequent Motion for Reconsideration. (Orders of Nov. 19, 2018 [42] and Jan. 25, 2019 [43].)

Mr. Stroud submitted this Second Motion to Vacate on February 28, 2019, arguing only that Ms. Kearns failed to file a notice of appeal as he requested. (Second Mot. Vacate 4, 12.)

## II. DISCUSSION

Because Mr. Stroud filed a prior Motion to Vacate that was denied on the merits, this Court may consider his Second Motion to Vacate only if he has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). There is no indication in the record that Mr. Stroud has obtained such authorization. Accordingly, the Court lacks jurisdiction to consider Mr. Stroud's Second Motion to Vacate. See Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010) (per curiam) (holding that "district court lacked jurisdiction to entertain . . . second motion to vacate" because movant had not obtained "permission from [the Eleventh Circuit] to file a successive motion").

### III.  **CERTIFICATE OF APPEALABILITY**

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Mr. Stroud cannot demonstrate "a substantial showing" of being denied "a constitutional right" as a result of having this action dismissed as impermissibly successive.  Therefore, the Court should deny a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Mr. Stroud's Second Motion to Vacate [44] be **DISMISSED** pursuant to Rule 4(b) as impermissibly successive and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of the Second Motion to Vacate to the undersigned.

**SO RECOMMENDED** this 8th day of March, 2019.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE